# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| **RICARDO S. TOVAR, JR. and ELIZABETH TOVAR,** § § § | |
| **Plaintiffs,** § § | |
| v. § | **CIVIL ACTION NO. 5:18-cv-343** |
| § | |
| **ROUNDPOINT MORTGAGE SERVICING CORPORATION, DEANNA RAY, INDIVIDUALLY, AS SUBSTITUTE TRUSTEE C/O BARRETT, DAFFIN, FRAPPIER, TURNER & ENGEL, LLP,** § § § § § § § | |
| **Defendants.** § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant RoundPoint Mortgage Servicing Corporation (*"RoundPoint"*) files this Notice of Removal premised upon diversity jurisdiction.

### I.   INTRODUCTION

1. On March 29, 2018, Plaintiffs Ricardo S. Tovar, Jr. and Elizabeth Tovar (collectively, *"Plaintiffs"*) filed their Original Petition for Breach of Contract and Application of TRO, Temporary, and Permanent Injunction (the *"Complaint"*) in the 408th Judicial District Court of Bexar County, Texas under Cause No. 2018-CI-05827.

2. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by RoundPoint are attached hereto and marked as composite **Exhibit "A"** and incorporated herein by reference.

### II.   TIMELINESS OF REMOVAL

3. This removal is filed within 30 days of RoundPoint's receipt of the Complaint, and it is therefore timely pursuant to 28 U.S.C. § 1446(b)(1).

649407.2

## III.     BASIS FOR REMOVAL: DIVERSITY JURISDICTION

4. This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a) because the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

### A.     *Citizenship of Plaintiffs and RoundPoint*

5. Complete diversity exists because Plaintiffs and RoundPoint are citizens of different states.

6. Plaintiffs are citizens of Texas who reside in Bexar County.

7. RoundPoint is a corporation incorporated in Florida, with its principal place of business in Charlotte, North Carolina. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business.[1] Therefore, for diversity purposes, RoundPoint is a citizen of Florida and North Carolina.

### B.     *Citizenship of Deanna Ray, Individually, As Substitute Trustee*

8. The citizenship of Deanna Ray as Substitute Trustee should be disregarded for the diversity analysis because she is improperly joined and only a nominal party. Upon information and belief, Deanna Ray is a citizen of Texas.

**a. Deanna Ray is an improperly joined defendant.**

9. Diversity jurisdiction cannot be destroyed when a plaintiff improperly joins a non-diverse defendant.[2] Improper joinder occurs when there is no reasonable possibility that the plaintiff can establish a cause of action against the non-diverse party in state court.[3] Here, there is no reasonable possibility that Plaintiffs can establish a cause of action against Deanna Ray

---

[1] 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-90 (2005).

[2] *McKee v. Kansas City Southern Rail Road Co.*, 358 F.3d 329, 333 (5th Cir. 2004).

[3] *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). To avoid improper joinder, a plaintiff must be able to show that there is "a reasonable basis for predicting that the state law might impose liability on the facts involved . . . . This possibility, however, must be reasonable, not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (internal citation and quotations omitted).

649407.2

because they have not asserted any allegations or causes of action against her.

10. Further, in order to successfully bring a claim against a substitute trustee, a plaintiff "must allege bad faith on the part of a substitute trustee in the action," and, "[in] cases where the plaintiff did not allege bad faith on the part of the [substitute trustee], courts have held that substitute trustees were improperly joined for the purposes of establishing diversity jurisdiction."[4] Plaintiffs did not allege bad faith on the part of Deanna Ray anywhere in the Complaint. Because there is no possibility that Plaintiffs can establish a cause of action against Deanna Ray, she has been improperly joined and her citizenship should be disregarded for the diversity analysis.

### b. *Deanna Ray is a nominal party.*

11. The citizenship of Deanna Ray should also be disregarded for diversity purposes because she is a nominal party. In determining diversity jurisdiction, a district court considers only the citizenship of real and substantial parties to the controversy and disregards nominal or formal parties who have no real interest in the dispute.[5] A party is "nominal" if it does not have a real interest in the outcome of the litigation.[6] Texas courts "routinely hold that the mere inclusion of a non-diverse trustee as a nominal party will not defeat diversity jurisdiction."[7] Whether a party is nominal "depends on whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable . . . ."[8]

---

[4] *Purported Lien or Claim Against Bond v. Barrett Daffin Frappier Turner & Engel, LLP*, C.A. No. G-12-188, 2013 WL 1619691, at *3 (S.D. Tex. Mar. 22, 2013) (collecting cases); *See also Eisenberg v. Deutsche Bank Trust Co. Americas*, No. SA–11–CV–384–XR, 2011 WL 2636135, at *2 (W.D. Tex. July 5, 2011) (unpublished) ("Plaintiff has not alleged any bad faith on the part of the Substitute Trustee. Thus, there appears no basis for finding the Substitute Trustee liable under section 51.002.").
[5] *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).
[6] *Id.*
[7] *Mendez v. Wells Fargo Bank, N.A.*, No. SA-14-CV-326-XR, 2014 WL 1923056, at *3 (W.D. Tex. May 13, 2014).
[8] *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (internal quotations omitted).

649407.2

3

12.     In this case, Deanna Ray only acted as substitute trustee in connection with the scheduled foreclosure. This Court can enter a final judgment in this case without Deanna Ray because she has no interest in the outcome of the litigation. She has no interest in the property, the Note, or the Deed of Trust, and Plaintiffs only allege that she "is a named Substitute Trustee under a Notice of Trustee's Sale." Accordingly, Deanna Ray is a nominal defendant and this Court should disregard her citizenship for diversity purposes.

13.     Because Plaintiffs are citizens of Texas and RoundPoint is a citizen of Florida and North Carolina, and the citizenship of Deanna Ray is disregarded since she is improperly joined and a nominal party, complete diversity exists among all properly named parties.

## C.     *The Amount in Controversy Exceeds $75,000.00.*

14.     Plaintiffs seek injunctive relief to prevent the foreclosure of the property at issue. When such relief is sought, the amount in controversy is measured by the value of the object of the litigation.[9]

15.     When the object of mortgagors' litigation is the protection of their entire property, as is the case here, the fair market value of the property is the proper measure of the amount in controversy.[10] Here, Plaintiffs' property is valued at $257,590.00.[11] Because Plaintiffs seek injunctive relief and their property is valued well in excess of $75,000.00, the amount in controversy requirement for removal based on diversity jurisdiction is met.

---

[9] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).
[10] *See id.*
[11] *See* Bexar County Appraisal District Summary attached as **Exhibit B**. It is appropriate for the court to take judicial notice of the Bexar County Appraisal because it is of public record, the information it provides is readily ascertainable, and the source — the Bexar County Appraisal District— cannot be reasonably questioned. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

649407.2

## IV. ADDITIONAL REQUIREMENTS

16. Venue for this removal is proper in the U.S. District Court for the Western District of Texas, San Antonio Division, because this district and division include Bexar County, Texas, the location of the pending state court action.

17. Written notice of removal will be provided to Plaintiffs and filed with the District Clerk of Bexar County, Texas contemporaneously with this pleading.

18. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.

19. RoundPoint reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, having satisfied the requirements for removal, Defendant RoundPoint Mortgage Servicing Corporation gives notice that Cause No. 2018-CI-05827, originally filed in the 408th District Court of Bexar County, Texas, has been removed to this Court.

Respectfully submitted,

By: /s/ Amanda R. Laviage
EMILY G. STROOPE (ATTORNEY-IN-CHARGE)
State Bar No. 24070692
6688 N. Central Expressway, # 400
Dallas, Texas 75206
Telephone: (214) 445-2436
Facsimile: (214) 582-9495
estroope@mcglinchey.com
AMANDA R. LAVIAGE
State Bar No. 24102067
1001 McKinney, Suite 1500
Houston, TX 77002
McGLINCHEY STAFFORD
Telephone: (713) 520-1900
Facsimile: (713) 520-1025
alaviage@mcglinchey.com

*Attorneys for Defendant RoundPoint Mortgage Servicing Corporation*

649407.2

## CERTIFICATE AND NOTICE OF FILING

I certify that the foregoing Notice of Removal was sent to the District Clerk of Bexar County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the attorney of record for the Plaintiff.

*/s/ Amanda R. Laviage*
**AMANDA R. LAVIAGE**

## CERTIFICATE OF SERVICE

I I certify that on April 17, 2018, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all parties, by and through their attorneys of record by operation of the Court's electronic filing system or by other means in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

*Via CM/RRR No. 9414 7266 9904 2022 7483 92*
Ross A. Rodriguez
Law Offices of Ross A. Rodriguez
325 S. Flores
San Antonio, Texas 78204
*Attorneys for Plaintiffs*

*/s/ Amanda R. Laviage*
**AMANDA R. LAVIAGE**

649407.2